**Form 3015-1 - Chapter 13 Plan**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**CHAPTER 13 PLAN-MODIFIED**

In re:
**Kathleen Marie Larsen**
**Allen Richard Larsen**

Dated: **April  5, 2012**

DEBTOR     Case No.

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE** —
   a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **175.00** per **Month** for **48** months, beginning within 30 days after the order for relief for a total of $ **8,400.00** . The minimum plan payment length is **X** 36 or ___ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **8,400.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **840.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | *Creditor* | *Monthly Payment* | *Number of Months* | *Total Payments* |
   |---|---|---|---|
   | **-NONE-** | $ | | $ |
   | **a.** TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | *Creditor* | *Description of Property* |
   |---|---|
   | **-NONE-** | |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | *Creditor* | *Description of Property* |
   |---|---|
   | **-NONE-** | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The trustee will pay the actual amounts of default.

   | *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|
   | **a.** **Wells Fargo Hm Mortgag** | $ **3,660.00** | $ **76.25** | **1** | **48** | $ **3,660.00** |
   | **b.** TOTAL | | | | | $ **3,660.00** |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

   | *Creditor* | *Amount of Default* | *Int. rate (if applicable)* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|---|
   | **-NONE-** | $ | | $ | | | $ |
   | **a.** TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) x | (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | $ | | | $ | $ | |
| a. TOTAL | | | | | | | | $ | 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. **Attorney Fees** | $ **2,200.00** | $ **81.25** | **1** | **28** | $ **2,200.00** |
| b. TOTAL | | | | | $ **2,200.00** |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **1,700.00**   [line 1(d) minus lines 2, 6(b), 7(a), 8(a), 9(b) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00** .

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **55,155.57** .

   c. Total estimated unsecured claims are $ **55,155.57**   [line 11(a) + line 11(b)].

12. **OTHER PROVISIONS** —
   **Special Intentions:**
   **Debtor's son will make payments to Credit Acceptance on the 2002 Ford F150.**

   **HSBC Kawasaki: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

   **Title in any secured property will vest in the debtor upon payment of the secured portion of the creditor's claim and debtor's discharge. The debtor shall receive a discharge upon completion of the scheduled plan payments or upon payment of 100% of timely filed unsecured claims, whichever occurs first.  Trustee shall not pay any untimely filed general unsecured creditors (excluding taxing authorities).  Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

   **A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending and the trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

   **The debtor shall send the Trustee each year during the Chapter 13 Plan copies of his/her federal and state income tax returns at the time they are filed.  The debtor shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $1,200 (single debtor) or $2,000 (joint debtor),  plus any earned income credit (EIC) and any Minnesota Working Family Credit.  Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**13. SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ **840.00** |
| Home Mortgage Defaults [Line 6(b)] | $ **3,660.00** |
| Claims in Default [Line 7(a)] | $ **0.00** |
| Other Secured Claims [Line 8(a)] | $ **0.00** |
| Priority Claims [Line 9(b)] | $ **2,200.00** |
| Separate Classes [Line 10(a)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **1,700.00** |
| **TOTAL [must equal Line 1(d)]** | $ **8,400.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Wesley W. Scott 0264787**
**Lund Kain Scott, PA**
**13 7th Ave. S**
**St. Cloud, MN 56301**
**320-252-0330**
**0264787**

Signed　**/s/ Kathleen Marie Larsen**
**Kathleen Marie Larsen**
DEBTOR

Signed　**/s/ Allen Richard Larsen**
**Allen Richard Larsen**
DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                                   Bkty. Case No: 12-50389

Kathleen Marie Larsen
Allen Richard Larsen
       Debtors.

_____

**NOTICE OF CONFIRMATION HEARING**

    PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled June 26, 2012 at 10:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 2, 515 West 1st Street, Duluth, Minnesota 55802.

    Dated this 30th day of April , 2012.

LUND KAIN & SCOTT

/e/Wesley Scott
Attorney for Debtor
13 South Seventh Avenue
St. Cloud, Minnesota 56301
(320)252-0330

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                                    BKY:   12-50389

Kathleen Marie Larsen
Allen Richard Larsen
                Debtors                                                              Chapter 13

_____

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Notice of Confirmation Hearing and Modified Chapter 13 Plan was served upon all parties electronically:

U.S. Trustee
1015 U.S. Courthouse
300 S 4th St
Minneapolis MN   55415

Kyle Carlson, Chapter 13 Trustee
PO Box 519
Barnesville MN 56514

And upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail:

on April 30, 2012.


Dated:  April 30, 2012                                        LUND KAIN & SCOTT, P.A.


                                                                            /e/ Wesley Scott
                                                                            13 7th Avenue South
                                                                            St. Cloud, MN 56301
                                                                            (320) 252-0330

Affiliated Credit Services
3055 41th St NW
Suite 100
Rochester, MN 55903

Bk Nd Stln
Po Box 5509
Bismark, SD 58506

CentraCare Clinic
1200 6th Ave N
Saint Cloud, MN 56303-2736

Childrens Respiratory
2530 Chicago Ave Ste 400
Minneapolis, MN 55404-4387

Credit Acceptance
PO Box 513
Southfield, MI 48037

Family Medical Center
811 SE 2nd St Suite A
Little Falls, MN 56345-3505

Gecrb/home Design-hi-p
C/o P.o. Box 965036
Orlando, FL 32896

Hsbc Bank
Attn: Bankruptcy
Po Box 5213
Carol Stream, IL 60197

HSBC Kawasaki
Attn Bankruptcy
PO Box 5216
Carol Stream, IL 60197

MSB St CLoud
C/O American Accounts
3904 Cedarvale Dr
Saint Paul, MN 55122

Payment Dept
Creditor Advocate
14551 Judicial Rd Suite 101
Burnsville, MN 55306

Riverview Law Office PLLC
PO Box 570
Sauk Rapids, MN 56379

Sprint
PO Box 219554
Kansas City, MO 64121-9554

Stearns Electric Assocation
PO Box 40
Melrose, MN 56352-0040

Us Dept Of Education
Attn: Borrowers Service Dept
Po Box 5609
Greenville, TX 75403

Wells Fargo Card Ser
1 Home Campus
3rd Floor
Des Moines, IA 50328

Wells Fargo Hm Mortgag
8480 Stagecoach Cir
Frederick, MD 21701

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Kathleen Marie Larsen**
**Allen Richard Larsen**
Debtor(s).

**SIGNATURE DECLARATION**

Case No. _____

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 4/26/12

X _____       X _____
Signature of Debtor or Authorized Representative       Signature of Joint Debtor

**Kathleen Marie Larsen**                    **Allen Richard Larsen**
Printed Name of Debtor or Authorized Representative       Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)